## STUART *v.* McCOY.

(Division A.   May 16, 1932.)

[141 So. 899.   No. 29848.]

Powell, Harper & Jiggitts, of Jackson, for appellant.

Colbert Dudley, of Forest, for appellant.

Howie & Howie, of Jackson, for appellee.

Argued orally by Colbert Dudley, and Louis M. Jig-gitts, for appellant, and by J. H. Howie, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Mrs. Inez H. McCoy, filed a bill of complaint in the chancery court of Scott county against the appellant seeking the cancellation of an alleged unauthorized lease of certain lands owned by her, and the recovery of possession of said lands, and also a rental of two hundred dollars a year for the period the appellant had been in possession of the lands under the lease.

On final hearing the chancellor decreed that the lease was valid and binding on the appellee, and that the exception of certain lands from the lease as set forth therein was intended to, and did, apply to the lands south and west of a branch in the southern part of the east half of the northeast quarter of section 32, township 7, range 6, and awarded the appellee a recovery of one hundred fifty dollars for the wrongful use and occupation of the portion of said section 32 so excepted from the terms of the lease, and from this decree, this appeal was prosecuted.

On November 28, 1927, Sam C. McCoy, the husband of the appellee, executed and delivered to the appellant a lease of certain lands owned by the appellee, for a period of five years. The lands covered by the written lease are described as being the ''east half of southeast quarter section 29, range 6, less that land lying and situated on south end and on west side of branch on said mentioned land—east half of northeast quarter section 32, township 7, range 6.'' The appellee charges that her husband was not authorized to lease the land, that the same was executed without her knowledge or consent, and that she had not acquiesced therein, or in the possession of the appellant thereunder; but the evidence abundantly supports the finding of the chancellor that the lease was, in all respects, valid and binding upon her, and, in so far as the decree so held, it will be affirmed.

The description of the land covered by the lease, including the description of the portion of the subdivision excepted therefrom, is clear and unambiguous. The land excepted which is described as "that land lying and situated on south end and on west side of branch on said mentioned land," is excepted from the east half of the southeast quarter of section 29, range 6, and there is no exception whatever of any part of the east half of the northeast quarter of section 32, township 7, range 6. The lease clearly covers all of the east half of the northeast quarter of section 32. By her bill, the appellee did not seek or pray for a reformation of the lease on the ground of mutual mistake in the description of the land intended to be conveyed thereby; and in the construction of a written lease, the intention of the parties must be ascertained from the language of the instrument itself, where that is not ambiguous. Where the language of a deed or lease is unambiguous, "the object is to ascertain the intention of the grantor as expressed by the language used, and not the unexpressed purpose which may at the time have existed in his mind, the question being not what the parties meant to say, but the meaning of what they did say, the actual intention contrary to the legal effect of the deed being immaterial, even though apparent from that instrument itself." 8 R. C. L., p. 1039, section 95.

The description of the land covered by the written lease being clear and unambiguous, it was error to permit it to be varied by oral testimony tending to show that by the exception therein it was intended to except lands in section 32 instead of section 29. Under the provisions of the lease, the appellant was clearly entitled to use all of the land in the east half of the northeast quarter of section 32, township 7, range 6, and it was error to allow the appellee rent for any part thereof.

The decree of the court below will, therefore, be reversed in so far as it awarded the appellee rent, and the costs of this appeal will be taxed against her.

Affirmed in part, and reversed in part.